## Joseph Husak, Plaintiff in Error, v. Martin Maywald, Defendant in Error.

### Gen. No. 19,072. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed March 26, 1914.

### Statement of the Case.

Action by Joseph Husak against Martin Maywald to recover commissions as a broker on an exchange of lands negotiated by him between defendant and one John Svatek. The contract for the exchange which was drawn by plaintiff provided that each party should "provide for the use of the other within fifteen days from the date hereof, proper abstracts of title to the property hereby agreed by them to be conveyed * * * showing good and sufficient title to the same in the grantors"; that time was the essence of the contract; that Svatek should pay to plaintiff two hundred dollars, and defendant should pay to plaintiff two hundred and fifty dollars, as brokerage fees, and that "each one is to pay the above commission to Joseph Husak when deal is consummated."

FRANK H. NOVAK, for plaintiff in error.

BENJAMIN WOLF and GEORGE A. McCORKLE, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 36*—*when broker not entitled to compensation until deal consummated.* Where under the contract with a broker

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

the latter's compensation is expressly made dependent upon the actual consummation of a trade, the fulfillment of the condition is a prerequisite to his right to recover compensation.

2. ABSTRACTS OF TITLE, § 3*—*when abstract insufficient without certificate from abstract company.* Where under a contract for the exchange of land one of the vendors was to furnish a "proper" abstract within a certain time, and the abstract furnished was rejected because showing title in a person other than the vendor, and on being returned contained an inserted page showing a conveyance by the record owner to a person bearing a name similar to vendor's, there being no certificate from the abstract company furnishing the abstract showing by whom such page had been inserted, such an abstract is not a "proper" abstract within the contract.